ST. PAUL, J.
 

 This is an action for damages for false arrest and malicious prosecution, the result'of an alleged conspiracy between Katz & Besthoff, retail druggists, and Corporal George E. Baúl and Patrolman George Trahant, members of the police force of the city of New Orleans.
 

 There was judgment below for defendants, and plaintiff appeals.
 

 I.
 

 • The alleged motive on the part of Katz & Besthoff for entering upon said conspiracy was a purpose to retaliate upon plaintiff for having secured the passage of an ordinance by the city of New Orleans, the effect of which was to prevent them from serving ices and soft drinks to automobiles parked in front of their establishment, which is situated next door to plaintiff’s residence. And the motive or recompense impelling said police officers to join in said conspiracy is alleged to be that they were .supplied by skid Katz & Besthoff with intoxicating liquor, daily and all day long, from the time of the passage of said ordinance until the date of plaintiff’s arrest, some four months afterwards, and for at least six months after that.
 

 II.
 

 The two police officers deny that they Were ever supplied by Katz
 
 &
 
 Besthoff with any intoxicating liquor whatsoever at any time; the employees of Katz
 
 &
 
 Besthoff deny that the officers were ever supplied with any intoxicating liquors whatsoever at any time; and we do not believe that they were.
 

 And the only other circumstance in the whole 1,700 pages of testimony which tends in any way to connect Katz & Besthoff with any design against plaintiff is the fact that whilst she was being detained at the police station some unidentified female voice inquired over the telephone whether “that Katz & Besthoff party” had been arrested and would be detained in jail, to which the officer ■ who answeréd the inquiry responded that the party had been arrested and would be detained.
 

 Plaintiff argues that this inquiry emanated from the store of Katz & Besthoff and related to her. But the testimony satisfies us that it did not emanate from that source, and related to a negro porter, employed in another store operated by Katz & Besthoff, who had that very day been arrested for annoying some ladies.
 

 Apart from the .fact that the testimony of several police officers is positive as to this, and that plaintiff’s testimony thereon is nothing more than a mere voicing of her suspicions, there remain these two significant facts: (1) That the telephone conversation, having been held in her presence, would not have been so openly carried on had it related to her; and (2) if it did relate to her, it would imply nothing less than that a good part of the police force was privy to and eonniying at the conspiracy against plaintiff, which is too far-fetched to appeal to us.
 

 We are therefore satisfiéd that Katz & Besthoff were not parties to any conspiracy against plaintiff, and had nothing whatever to do with her arrest.
 

 III.
 

 The circumstances under which plaintiff was arrested were as follows:
 

 On the night of June 9, 1922, plaintiff returned to her home by automobile, her son
 
 *1097
 
 driving. On attempting to enter lie found the driveway blocked by another machine and stopped, thus blocking traffic. Officer Trahant came up to inquire into the matter and was told by plaintiff’s son that this was always the case and that it was a “damn shame.” Officer Trahant attempted to clear the driveway, but could not. At plaintiff’s suggestion he went to the drug store to look for the owner of the misplaced automobile. On his way he met Corporal Baul, his superior officer, who then came up to look into the matter.
 

 So far there is no material conflict in the testimony; but from this point on there is.
 

 Plaintiff and her son testify that .when Baul inquired into the reason of the congestion, plaintiff pointed out the reason and said it was a “damn shame”; whereupon she was arrested without further ado.
 

 The two police officers testify that plaintiff was not arrested as soon as she said that it was a “damn shame”; but that after plaintiff had said this, she then proceeded to damn, and God damn and consign to hell, automobilists generally, the owner of the blocking automobile in particular, the police, the passers-by, and the Jews (to which race Katz & Besthoff belong); that they requested her to desist because of the passers-by; that they also cautioned her to desist on pain of being arrested; that she told them she would desist only when she got God damn good and ready. Whereupon there was, of course, nothing else that the police could do but either retire from the scene or arrest plaintiff. They then arrested her.
 

 IV.
 

 Plaintiff and her son admit that she is in the habit of using strong language; the testimony of an ex-city attorney is that plaintiff uses language that goes beyond what might be classed as merely forceful; several police officers testify that at the police station her language was of a character decidedly warm; on the stand, in open court, she characterized several of the witnesses against her as “liars.”
 

 So that the circumstances of the case all lean towards the version given by the officers and against that given by plaintiff.
 

 And in addition to this the testimony of five disinterested witnesses to the occurrence contradicts the version given plaintiff and corroborates that of the police officers.
 

 V.
 

 Plaintiff was charged with disturbing the peace, using obscene language, and reviling the police.
 

 The language which she used was not
 
 obscene;
 
 and we find no ordinance in the record on the subject of reviling the police. But damning, God damning, and consigning to hell certainly constitutes profanity and cursing; and “swearing and cursing” on a public street is a disturbance of the peace. Act 31 of 1886, p. 40.
 

 So that plaintiff was clearly guilty of disturbing the peace, and was therefore properly placed under arrest
 

 VI.
 

 The recorder who heard the case thought it proper to discharge plaintiff. With that we have no fault to find; police magistrates are necessarily vested with much discretion in such matters. We are satisfied from the evidence that plaintiff had serious grounds for dissatisfaction with the parking conditions which were permitted around her premises; and outbursts of anger which exhaust themselves in mere words are, after all, only venial offenses.
 

 Jtsut when a person who has actually been guilty of a punishable offense is not content with the pardonable leniency shown by some benevolent magistrate, and thereafter seeks to visit the consequences .of his own intern
 
 *1099
 
 perate acts upon the head of some other party, then the matter changes aspect completely, and courts will look more closely and less leniently upon the occurrences out of which the controversy arises. Sperier v. Ott, 6 Orleans App 327.
 

 Decree.
 

 The judgment appealed from is therefore affirmed.